COURT OF APPEALS OF VIRGINIA

Present:  Judges Fitzpatrick, Overton and Senior Judge Duff
Argued at Alexandria, Virginia


LONNY NOLAN COLLINS

v.          Record No. 1965-96-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE NELSON T. OVERTON
JUNE 3, 1997

FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
William D. Hamblen, Judge

James P. Griffin (Griffin & Griffin, P.C., on
briefs), for appellant.

Michael T. Judge, Assistant Attorney General
(James S. Gilmore, III, Attorney General, on
brief), for appellee.


Lonny Nolan Collins appeals his conviction of receiving

stolen property in violation of Code § 18.2-108.  He contends

that the circuit court had no jurisdiction to try him for that

offense and that, if it did, the evidence was not sufficient to

support the conviction.  We disagree with both contentions, and

we affirm.

The parties are fully conversant with the record in the

cause, and because this memorandum opinion carries no

precedential value, no recitation of the facts is necessary.

Collins first argues that the Circuit Court of Prince

William County had no jurisdiction because the evidence did not

prove that Collins possessed the stolen goods within the county.

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Such proof is not required to confer jurisdiction upon a circuit court. "[A]ll circuit courts have jurisdiction over all felonies committed in the Commonwealth." Garza v. Commonwealth, 228 Va. 559, 566, 323 S.E.2d 127, 130 (1984). Collins' argument merely raises a venue objection. He did not raise the venue objection at trial, however, and is therefore precluded from raising it on appeal. See Rule 5A:18.

Collins next argues that the evidence does not support his conviction. On appeal, the evidence must be viewed in a light most favorable to the Commonwealth. See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). A judgment will not be disturbed on appeal unless it is plainly wrong or without evidence to support it. See Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988). Collins admitted to the police that he had received the camera from someone he knew to be a thief and that the possession had been recent. Proof of recent possession of stolen property allows the trier of fact to infer that the defendant knew it to be stolen. See Roberts v. Commonwealth, 230 Va. 264, 271, 337 S.E.2d 255, 260 (1985).

Accordingly, the conviction is affirmed.

Affirmed.